AYRES, Judge
(dissenting) :
The object being the cancellation of defendants’ oil, gas, and mineral leases, defendants’ lessors are necessary and indispensable parties to this action. These lessors not having been impleaded, there is a nonjoinder of essential parties.
Moreover, plaintiff, claiming to be a lessee by virtue of a lease executed subsequently to those of defendants, does not have a right to maintain this action under the provisions of LSA-R.S. 30:102, which limits such rights of action to lessors.
The practice of pretermitting decisions on exceptions and resorting to a determination of the merits of a case is, or at least, should .be, followed only in cases where a ruling on the merits would be adverse to a plaintiff. To illustrate, where a plaintiff cannot prevail on the merits of a case, it would be useless and unnecessary to pass upon exceptions directed to his cause of action or to his right to maintain the action. The reverse is not true; to so hold would constitute a dangerous precedent. To again illustrate, one might be permitted, under such course of procedure, to recover on the merits of his case when in fact he had neither a cause of action nor even a right to maintain an action.
The exceptions of nonjoinder and of no right of action should, in my opinion, have been sustained.
*786 As to the merits of the case, the well ■drilled in the units created for the “D,” “Bodcaw,” and “Vaughn” sands was not abandoned as a dry hole as to such unitized sands, especially as concerns the Vaughn” Sand, until the well was completed as a producer of gas and condensate from the ununitized “McFearin” Sand on March 10, 1962.
In this connection, it may he pointed out that, by separate orders of the Commissioner, the entirety of Section 18, Township 19 north, Range 5 west, in which the leased premises herein involved are located, was unitized for each of the three sands, that is, the “D,” “Bodcaw,” and “Vaughn” sands. After the well was drilled to a depth of 8066 feet and casing set, the casing was perforated at a subsurface depth of 8003-1/2 to 8008-i/i feet, and, after tests, the well was completed as a producer. No test was shown to have been made as to the “Vaughn” Sand prior to completion of the well. (The “Vaughn” Sand is located at a depth of only 19 feet above that of the “McFearin” Sand.) The record is therefore void of any proof that the well, as to the “Vaughn” Sand, had been abandoned until the well was completed from the “McFearin” Sand, and, subsequently, as a dual producer from that formation as well as from the “B” Sand. The evidence of the abandonment of the “Vaughn” Sand, in particular, consists of the completion of the well in an ununitized formation — and this, as heretofore stated, was on March 10, 1962.
Under the aforesaid state of facts, by virtue of the 60-day dry-hole and continuous-drilling-and-operation clauses contained therein, defendants’ leases continued in effect beyond their expressed primary term for a period of 60 days, from March 10, 1962, or until May 9, 1962. In the meantime, on defendants’ application of April IS, 1962, the Commissioner of Conservation, by an order dated April 26, 1962, effective May 1, 1962, pooled and unitized, as to the “McFearin” Sand, or formation, the whole of Section 18, Township 19 north, Range S west, in which, as heretofore stated, the leased premises are located.
The pooling of the leased premises with other lands upon which a well had been completed as a producer of gas and condensate during the primary or extended term of the leases served to preserve and to maintain the leases in full force and effect so long as production is had from said well or so long as shut-in royalties are paid in accordance with their terms. It was stipulated in the record that such royalties have been and are being duly and timely paid.
For these reasons, I respectfully dissent.
Rehearing denied.
AYRES, J., dissents.